KAREN P. HEWITT
United States Attorney
SHIREEN M. BECKER
Assistant United States Attorney
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-2911
Facsimile: (619) 557-5551
Email: shireen.becker@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIO JESSE CONTRERAS,<br>Defendant. | Case No. 08 CR 1425-DMS<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S OBJECTIONS TO PSR AND SENTENCING MEMORANDUM** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Shireen M. Becker, Assistant United States Attorney, hereby files this Response and Opposition to Defendant's Objections to the PSR and Sentencing Memorandum. This response is based on the files of the case.

The Court should sentence Defendant in accordance with the parties' negotiated Plea Agreement and the applicable sentencing guidelines, specifically, 15 months in custody, which is the low-end of the applicable sentencing guideline range. Pursuant to the terms of the Plea Agreement, the Government already recommends significant downward adjustments and departures, including a two-level adjustment for minor role, a three-level adjustment for acceptance of responsibility, and a two-level downward departure for fast-track: a total of

**seven levels** lower than this offense would otherwise warrant. Despite these significant downward adjustments and departures, Defendant now seeks additional departures totaling **two levels** from what was negotiated between the United States and Defendant and set forth in the Plea Agreement based on Defendant's contention that he has met the requirements for safety valve, pursuant to Section 5C1.2 of the Sentencing Guidelines and 18 U.S.C. § 3553(f). The United States opposes any reduction for safety valve based on Defendant's criminal history.

**I**

## STATEMENT OF FACTS

On March 16, 2008, Defendant entered the Calexico, California West Port of Entry as the driver of a 1998 Mitsubishi Montero bearing California license plates. A Customs and Border Protection ("CBP") Canine Enforcement Officer was working at the pre-primary inspection area, and his canine alerted to the presence of a narcotic odor emanating from Defendant's vehicle. Defendant and his vehicle were referred to Secondary for further inspection.

At Secondary, CBP officers discovered several packages containing approximately 52.76 kilograms of marijuana concealed in compartments in the roof, rear floor and behind the rear seat of the vehicle.

**II**

## ARGUMENT

### A. THE SENTENCING GUIDELINES RESULT IN A REASONABLE SENTENCE AND SATISFY THE GOALS OF 18 U.S.C. § 3553(a)

It is well-established that the Sentencing Guidelines are advisory rather than mandatory. See United States v. Booker, 543 U.S. 220, 264 (2005). Nonetheless, the Supreme Court has held that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing" in accordance with the factors set forth in 18 U.S.C. § 3553. Id. at 264-65. Under this sentencing scheme, the imposed sentences

must be reasonable. Id. at 264 ("The courts of appeals review sentences for unreasonableness.").

In the instant case, the Government believes that a sentence reached in accordance with the Guidelines and the negotiated Plea Agreement will be reasonable and will adequately achieve the purposes of the factors listed in § 3553(a). As mentioned above, the Plea Agreement contains significant downward adjustments and departures, including a two-level adjustment for minor role, a three-level adjustment for acceptance of responsibility, and a two-level departure for fast-track: a total of seven levels lower than this offense would otherwise warrant. Given Defendant's criminal history category, and assuming a low-end sentence, these departures result in a sentence that is less than one-half of what he would have received under a straight sentencing guidelines analysis.

The United States made all of these negotiated reductions to address Defendant's specific characteristics. Despite these significant and appropriate downward adjustments and departures, Defendant now urges this Court to make further, unwarranted departures. In contrast, the United States seeks imposition of the Guidelines sentence negotiated in the Plea Agreement, and is constrained by the Plea Agreement to recommend the lower end of the sentencing range. An adjusted offense level of 13 at Criminal History Category II results in a sentencing range of 15 to 21 months. The United States recommends a sentence at the low end of that range, 15 months in custody.

**B. A DOWNWARD DEPARTURE BASED ON SECTION 5C1.2 OF THE SENTENCING GUIDELINES IS NOT WARRANTED BECAUSE DEFENDANT HAS MORE THAN ONE CRIMINAL HISTORY POINT**

Defendant requests that the Court grant a two-level downward departure based on Section 5C1.2 of the Sentencing Guidelines, i.e., safety valve. Defendant, however, does not merit any such departure because his past criminal convictions score more than one criminal history point under the sentencing guidelines. See U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5C1.2(a)(1). Specifically, the Presentence Report ("PSR") calculates Defendant's criminal history has having two points, based on two prior misdemeanor

convictions. See PSR at 4. The first conviction is a battery conviction from 2000, resulting in a sentence of thirty days in jail, followed by three years probation. Id. This conviction is appropriately included in Defendant's criminal history score pursuant to Section 4A1.1(c) of the Guidelines. U.S.S.G. § 4A1.1(c). United States v. Hernandez-Castro, 473 F.3d 1004, 1006 (9th Cir. 2007) (recognizing battery/domestic violence as an offense properly included in calculation of criminal history). It is not the type of offense that should be excluded under Section 4A1.2(c) of the Guidelines, and the offense falls within the ten year period set forth within Section 4A1.2(e). For these reasons, the first misdemeanor conviction is properly counted for one point when calculating Defendant's criminal history under the Guidelines.

The second conviction is a conviction for driving under the influence ("DUI") from 2001, resulting in a three-year term of probation. See PSR at 4. This conviction also is appropriately included in Defendant's criminal history score pursuant to Section 4A1.1(c) of the Guidelines. United States v. Thornton, 444 F.3d 1163, 1165 (9th Cir. 2006) (specifying that DUI conviction is properly included in criminal history score). It is not the type of offense that should be excluded under Section 4A1.2(c) of the Guidelines, and the offense falls within the ten year period set forth within Section 4A1.2(e). For these reasons, the second misdemeanor conviction is properly counted for an additional point when calculating Defendant's criminal history under the Guidelines, bringing Defendant's total criminal history score to 2.

Under Section 5C1.2(a)(1) of the Guidelines, a court may sentence a defendant without regard to any statutory minimum sentence, if the defendant meets the five delineated criteria set forth in 18 U.S.C. § 3553(f)(1)-(5). The first requirement for any departure under Section 3553(f) is that the defendant "not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1); see also U.S.S.G. § 4A1.1(c). In this case, Defendant's criminal history score is 2, placing him in a Criminal History Category II. As discussed above, the criminal history score of 2 is properly calculated under the Guidelines,

thereby making Defendant ineligible for a downward departure based on safety valve under Section 5C1.2.

Further, even if the Court were inclined to grant a downward departure based on an over-representation of Defendant's criminal history pursuant to Section 4A1.3 of the Guidelines, such a departure does not mandate the application of the safety valve provision of 18 U.S.C. § 3553(f). United States v. Valencia-Andrade, 72 F.3d 770, 772 (9th Cir. 1995) (holding that even if defendant's criminal history category over-represents the seriousness of his prior criminal conduct, the safety valve provision of Section 3553(f) need not be applied); see also Thornton, 444 F.3d at 1165-66 (where criminal history score properly included one point for misdemeanor DUI conviction, defendant with criminal history category II not eligible for safety valve relief). In fact, the Ninth Circuit has held just the opposite--stating that courts should "strictly abide by the guideline determination of criminal history points for purposes of determining eligibility for application of the statutory safety valve." Hernandez-Castro, 473 F.3d at 1008 (holding that "district courts have no authority to adjust criminal history points for the purpose of determining eligibility for safety valve relief under 18 U.S.C. § 3553(f)(1), even when the sentencing court concludes that the criminal history calculation overstates the severity of the prior crimes.").

## III

## CONCLUSION

The United States does not believe any further departures or adjustments, other than those agreed upon in the Plea Agreement, are warranted based on the facts of this case. The adjustments agreed upon reflect the aims and goals of § 3553(a), including, *inter alia,* recognizing the history and characteristics of the defendant and the nature of the crime, as well as the need for the sentence imposed to reflect the seriousness of the crime, impose just punishment, deter future criminal conduct, and reduce unwarranted sentencing disparities for similarly situated defendants. 18 U.S.C. § 3553(a).

For the foregoing reasons, the United States respectfully requests that the Court sentence Defendant in accordance with the Plea Agreement in this case, and deny Defendant's request for additional downward departures based on 18 U.S.C. § 3553(f) and Section 5C1.2 of the Guidelines. Simply put, Defendant's criminal history score makes him ineligible for safety valve relief.

DATED: August 20, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Shireen M. Becker*

Shireen M. Becker
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIO JESSE CONTRERAS,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08 CR 1425 DMS<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Shireen Becker, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S OBJECTIONS TO THE PSR AND SENTENCING MEMORANDUM, dated August 20, 2008, and this Certificate of Service, dated August 20, 2008, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

**Kurt D. Hermansen, Esq.**
*Attorney for Defendant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 20, 2008.

/s/ *Shireen M. Becker*

Shireen M. Becker
Assistant United States Attorney